## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Confie Holding II Co., Estrella Franchising, LLC, Freeway Insurance Services America, LLC; InsureOne Insurance Services America, LLC; and Velox Insurance, LLC<br><br>              Plaintiffs,<br><br>v.<br><br>Insurify, Inc.,<br><br>              Defendant. | CIVIL ACTION NO.:<br><br>JURY TRIAL DEMANDED |

### COMPLAINT

Plaintiffs Confie Holding II Co. ("Confie"), Estrella Franchising, LLC ("Estrella"), Freeway Insurance Services America, LLC ("Freeway"), InsureOne Insurance Services America, LLC ("InsureOne"), and Velox Insurance, LLC ("Velox") (collectively, "Plaintiffs") by and through the undersigned counsel, hereby allege the following against Defendant Insurify, Inc. ("Insurify").

### NATURE OF THE ACTION

1.      This case concerns Insurify's unlawful use of Plaintiffs' federally registered and common law trademarks. Confie is the largest and most respected personal lines insurance distributor in the United States. Confie, directly or through its subsidiaries, serves a broad customer market with its robust infrastructure and industry knowledge. For many years, Confie has succeeded by meeting its customers' needs, and offering the best prices and choices with convenience in mind.

2.      Over the years, Confie, directly or through its subsidiaries - Estrella, Freeway, InsureOne and Velox - has invested a considerable amount of time, resources, and money into

developing and promoting its brands within the insurance brokerage industry.

3.      Plaintiffs have become aware of Insurify's use of the Confie Marks in Insurify's online advertising, including on Google, Bing, and Yahoo!. Insurify's advertising redirects consumers searching for Plaintiffs' brands to Insurify's website. Plaintiffs have also become aware that Insurify has been using the Confie Marks as AdWords and/or keywords for the suspected advertisements.

4.      This action seeks remedy for trademark infringement under the federal Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under the federal Lanham Act, 15 U.S.C. § 1125(a); trademark infringement under Massachusetts common law; and Unfair and Deceptive Acts and Practices Pursuant to Mass. Gen. Laws Ch. 93A, §2, 11.

## PARTIES

5.      Confie is a California corporation with its principal place of business at 7711 Center Avenue, Suite 200, Huntington Beach, CA 92647.

6.      Estrella is an indirect wholly-owned subsidiary of Confie. Estrella is a Florida limited liability company with its principal place of business at 7711 Center Avenue, Suite 200, Huntington Beach, CA 92647.

7.      Freeway is an indirect wholly-owned subsidiary of Confie. Freeway is an Illinois limited liability company with its principal place of business at 7711 Center Avenue, Suite 200, Huntington Beach, CA 92647.

8.      InsureOne is an indirect wholly-owned subsidiary of Confie. InsureOne is an Illinois limited liability company with its principal place of business at 7711 Center Avenue, Suite 200, Huntington Beach, CA 92647.

9.      Velox is an indirect wholly-owned subsidiary of Confie. Velox is a Georgia limited liability company with its principal place of business at 7711 Center Avenue, Suite 200,

Huntington Beach, CA 92647.

10.     On information and belief, Insurify is a Delaware company with its principal place of business at 10 Canal Park, 5th Floor, Cambridge, MA 02141, and, according to Insurify's website (https://insurify.com/company/contact/), is headquartered at 201 Broadway, 6th Floor, Cambridge, MA 02139.

## JURISDICTION AND VENUE

11.     This Court has personal jurisdiction over Insurify because, on information and belief:  (i) Insurify does business and/or actively solicits business throughout the United States, including in Massachusetts; (ii) Insurify has continuous and ongoing business contacts with residents of Massachusetts; (iii) Insurify has intentionally engaged in acts targeted at Massachusetts that have caused harm within Massachusetts; and (iv) Insurify has purposely availed itself of the privileges of conducting business in Massachusetts. Among other things, and as set forth above, Insurify maintains its principal place of business in this district, in Cambridge, Massachusetts. In addition, Insurify is registered to do business in Massachusetts and maintains its headquarters in Massachusetts and this district at 201 Broadway, 6th Floor, Cambridge, MA 02139.

12.     This Court has subject matter jurisdiction over the claims asserted in this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a) as part of this action is based on the federal Lanham Act. This Court has supplemental jurisdiction over Plaintiffs' Massachusetts statutory and common law claims pursuant to 28 U.S.C. § 1367(a) in that those claims arise out of a common nucleus of operative facts as the Lanham Act claims, and the Court's exercise of jurisdiction over the state law claims will promote judicial economy, convenience, and fairness to the parties.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that, on information and belief, Insurify conducts business in this district, including by maintaining its headquarters in this district and offering its services in this district, and a substantial part of the acts or omissions giving rise to the claims asserted herein occurred and/or had effects in this district.

### FACTUAL BACKGROUND

**A.     Plaintiffs' Business History and Valuable Intellectual Property**

14.     Since in 2008, Confie has operated as an insurance broker specializing in quality insurance solutions to both the non-standard and standard markets. Among others, Confie offers auto, motorcycle, homeowners, renters, life, and health insurance coverage.

15.     Confie has quickly become the nation's leading independent insurance provider for personal lines in the United States. Confie, while based in California, has retail locations in over 25 states.

**Confie Locations**



16.     Additionally, through its extensive network of over 160 national and regional carrier partnerships, including its subsidiaries Estrella, Freeway, InsureOne and Velox, Confie offers its services across the United States.

17.     Plaintiffs market their insurance services through their websites at

www.confie.com, https://www.costulessdirect.com, https://www.estrellafranchise.com,

https://www.freeway.com, https://www.insureone.com, https://www.oasisinsurance.com,

https://www.usagencies.com and https://veloxinsurance.com,  as well as their social media,

including but not limited to the Linkedin page at www.linkedin.com/company/confie-/,

Instagram at www.instagram.com/segurosconfie/ and www.instagram.com/freewayinsurance/

www.instagram.com/estrellainsurance/, and Facebook at www.facebook.com/freewayinsurance.

18.     Confie, through Freeway, is also the sponsor of NASCAR driver Daniel Suárez

and his Trackhouse Racing team, which races across the country. The Freeway trademarks are

prominently displayed on Daniel Suárez's racecar as well as his racing suit.



19.     Further, Confie holds a unique position as the only independent agency focused

on personal lines insurance that consistently ranks in the Top 10 U.S. Property/Casualty

agencies.

20.     For more than two decades, and long before the acts of Insurify complained of

herein, Plaintiffs have used, at least, the trademarks "Cost U Less," "Estrella Insurance,"

"Freeway," "InsureOne," "Oasis," and "USAgencies" in advertising for their services, on their

signage for their brick-and-mortar offices as well as promotional materials and in social media. Plaintiffs have also used their "Velox" trademark for approximately eighteen years.

21.     Plaintiffs are also the exclusive owners of, among others, the trademarks registrations and applications identified below (the "Registered Marks"):

| MARK | GOODS/SERVICES | REG. NO./ APP.NO | FIRST USE DATE |
|---|---|---|---|
| Cost U Less | Cl. 36: Financial and Insurance services and consultation, namely, insurance brokerage, all in the fields of property and casualty insurance | 5,320,683 (Incontestable) | Jan. 10, 1994 |
|  | Cl. 36: Insurance brokerage | 3,171,136 (Incontestable) | Oct. 01, 1994 |
|  | Cl. 36: Insurance agencies in the field of automobile insurance, motorcycle insurance, watercraft insurance, homeowner insurance, rental insurance, motorhome insurance, and commercial insurance; Insurance agency and brokerage; Insurance brokerage in the field of automobile insurance, motorcycle insurance, watercraft insurance, homeowner insurance, rental insurance, motorhome insurance, and commercial insurance; Insurance consulting in the field of automobile insurance, motorcycle insurance, watercraft insurance, homeowner insurance, | 4,428,545 (Incontestable) | Feb. 27, 2013 |

| MARK | GOODS/SERVICES | REG. NO./ APP.NO | FIRST USE DATE |
|---|---|---|---|
| | rental insurance, motorhome insurance, and commercial insurance; Insurance information; Providing information in insurance matters | | |
| Estrella Insurance | Cl. 36: insurance brokerage services | 2,064,814 | Oct. 01, 1980 |
|  | Cl. 36: insurance brokerage services | 2,037,199 | Oct. 01, 1980 |
|  | Cl. 36: Insurance agencies; Insurance brokerage; Insurance brokerage services; Insurance services, namely, writing property and casualty insurance | 7,911,242 | Oct. 15, 2020 |
| Freeway | Cl. 36: Insurance agency and brokerage; Insurance consultation; Insurance premium rate computing; Insurance services, namely, writing property and casualty insurance; Insurance underwriting in the field of automobile, property, life and health insurance | 3,591,103 (Incontestable) | Jan. 1988 |
| Freeway Insurance | Cl. 36: Insurance agency and brokerage; Insurance consultation; Insurance premium rate computing; Insurance services, namely, writing property and casualty insurance; Insurance underwriting in the field of automobile, property, life, health, home, and renters insurance | 6,239,745 | Jan. 1988 |

| MARK | GOODS/SERVICES | REG. NO./ APP.NO | FIRST USE DATE |
|---|---|---|---|
|  | Cl. 36:  Insurance agency and brokerage; Insurance consultation; Insurance premium rate computing; Insurance services, namely, writing property and casualty insurance; Insurance underwriting in the field of automobile, property, life and health insurance | 3,996,168 (Incontestable) | Oct. 2009 |
|  | Cl. 36:  Insurance agency and brokerage; Insurance consultation; Insurance premium rate computing; Insurance services, namely, writing property and casualty insurance; Insurance underwriting in the field of automobile, property, life, health, home, and renters insurance | 6,245,528 | Oct. 2015 |
| FREEWAY SEGUROS | Cl. 36:  Insurance agency and brokerage; Insurance consultation; Insurance premium rate computing; Insurance services, namely, writing property and casualty insurance; Insurance underwriting in the field of automobile, motorcycle, commercial vehicle, snowmobile, classic car, mobile home, manufactured home, recreational vehicle, off-road motorcycle and all-terrain vehicle, business, identity theft, travel, medical, dental, property, life, health, home, pet, and renters insurance | 7,726,976 | Jan. 2012 |
| InsureOne | Cl. 36:  insurance brokerage services | 6,116,008 | Nov. 01, 1989 |

| MARK | GOODS/SERVICES | REG. NO./ APP.NO | FIRST USE DATE |
|---|---|---|---|
| **InsureOne** | Cl. 36:  insurance brokerage services | 6,165,104 | Nov. 2019 |
| Oasis Insurance | Cl. 36:  Brokerage in the field of auto, home, health and business insurance | 4,812,694 | Apr. 07, 1997 |
| USAgencies | Cl. 36: Automobile Insurance Underwriting Services | 2,354,505 | Aug. 01, 1983 |
| VELOX | Cl. 36: Insurance agencies | 3,605,929 | Apr. 30, 2007 |
| VELOX INSURANCE | Cl. 36: Insurance agencies | 6,029,167 | Apr. 30, 2007 |
| VELOX INSURANCE | Cl. 36: Insurance agencies | 6,028,074 | Apr. 30, 2007 |
| | Cl. 36: Insurance agencies | 4,229,486 | Dec. 31, 2011 |

22.  Plaintiffs also own the common law rights associated with the Registered Marks.

23.  Further, Plaintiffs own pending applications for FREEWAY AUTO CLUB[1] and

[2] (collectively, with the Registered Marks, the "Confie Marks").

---

[1] This application is pending in class 35 for "Promoting the goods and services of others through membership-based promotional discount programs; promoting the goods and services of others through the distribution of discount cards; arranging for discount purchases for members of an automotive club; promoting the goods and services of others by means of the issuance of loyalty rewards cards; promotional and advertising services, namely, providing incentive awards programs for customers through the issuance and processing of loyalty rewards cards and coupons for use of participating business."

[2] This application is pending in class 36 for "Insurance agency and brokerage; Insurance consultation; Insurance premium rate computing; Insurance services, namely, writing property

24.     The registrations for the Registered Marks constitute prima facie evidence that they are valid and that Confie is entitled to the exclusive use of the Registered Marks in commerce throughout the United States in connection with the services listed on the registrations. In fact, many of the Registered Marks have become incontestable pursuant to 15 U.S.C. § 1065, as seen above.

25.     Over the years, Plaintiffs have invested a considerable amount of time, resources, and money into developing and promoting their Confie Marks within the insurance brokerage industry.

26.     As a result of our Plaintiffs' considerable investment in advertising and promoting their insurance brokerage services under their Confie Marks, the Confie Marks have attained a high degree of recognition within the industry and represent a significant business asset with considerable goodwill and value to our clients. Accordingly, the Confie Marks are a significant asset of Plaintiffs' business.

27.     By virtue of Plaintiffs' use of the Confie Marks and the sums spent to promote the Confie Marks, the Confie Marks have acquired secondary meaning in the minds of the relevant public. Accordingly, the relevant public has come to associate the Confie Marks with the insurance services that originate from Confie.

**B.    Insurify's Business and Unlawful Conduct**

28.     Insurify offers competing, and/or at minimum, related insurance services. Insurify is a digital insurance agent that provides real-time quotes from insurers, enabling shoppers to compare policies, through an AI-powered comparison tool. Through Insurify's website, users may log in and compare car insurance quotes in real time at its website, located at insurify.com.

---

and casualty insurance; Insurance underwriting in the field of automobile, property, life, health, home, and renters insurance."

Insurify also offers partnership opportunities, co-branded or white label, with other companies to offer insurance solutions for its customers.

29.     Insurify also advertises its services through its social media, e.g., Facebook at www.facebook.com/insurify/, X at x.com/insurify/, Instagram at www.instagram.com/insurifyco/, and LinkedIn at www.linkedin.com/company/insurify/.

30.     Upon information and belief, Insurify places bids through Google AdWords' Pay Per Click (PPC) program wherein the Confie Marks are referenced several times as a search terms, including "Cost U Less," "Estrella," "Freeway," "InsureOne," "Oasis", "Velox" and "USAgencies." As such, Insurify is specifically targeting customers searching for Plaintiffs or the Confie Marks by bidding on search terms that will capture web users searching for Plaintiffs.

31.     On information and belief, Insurify advertises and markets its competing services under the identical infringing marks through a variety of marketing channels that overlap with Confie's marketing channels, including via the Internet.

32.     As detailed below, Insurify has willfully designed the ads that are generated and shown to consumers following their search for the Confie Marks to deceive consumers into the mistaken belief that by clicking through the online advertisement, that the consumer is communicating with Plaintiffs. On information and belief, Insurify intentionally seeks to mislead consumers by presenting advertisements which Insurify knows the consumers will understand to be advertisements sponsored by or associated with Plaintiffs. Insurify does this to divert revenue that should flow through to Plaintiffs to Insurify.

33.     Upon information and belief, Insurify invests thousands of dollars per month in its AdWords purchases. Plaintiffs believe that they have been deprived of significant revenue from consumers who have searched for Plaintiffs or the Confie Marks and been misled by Insurify's

PPC ads into purchasing insurance through entities that the consumers believed to be associated with Plaintiffs.

34.     To clarify, Plaintiffs' complaints here are not simply that Insurify bids on the Confie Marks as search terms through Google AdWords, Bing, Yahoo! and other search engines, but rather, that Insurify bids on such trademarks as search terms as part of a scheme to then present those consumers who are lured to Insurify's advertisements, with deceptive advertisements that cause the consumers to believe they are conducting business with Plaintiffs, when they are actually contacting Insurify. Insurify does this to pass off Insurify's services as Plaintiffs'. Insurify does this knowingly and with an intent to trade off Plaintiffs' good will by deceiving consumers through such scheme.

35.     Upon further information and belief, Insurify sells insurance leads generated from the deceptive acts to third-party insurance companies and agents.

36.     Starting at least as early as 2021, Plaintiffs became aware of Insurify's use of the Confie Marks in Insurify's online advertising, including on Google, Bing, and Yahoo!, directing consumers to Insurify's website. Plaintiffs also became aware that Insurify had been using the Confie Marks as AdWorks and/or keywords for the suspected advertisements.

37.     Upon learning of Insurify's unauthorized infringing uses of the Confie Marks in 2021, Confie promptly notified Insurify and demanded that Insurify stop its infringing use of the Confie Marks. Although Insurify initially seemed to cooperate and take corrective action, with the incidents of infringement declining in 2022 and 2023, Confie started to see new sporadic instances of infringement in 2024.

38.     In 2025, Confie once again started to discover new infringing uses of the Confie Marks in Insurify's advertisements. Immediately upon discovery, on February 4, 2025, Confie,

through its Chief Marketing Officer, Joshua Marder ("Marder"), contacted Insurify's Vice President of Marketing, Andrew Huang ("Huang") and put Insurify on notice of its infringement of the Confie Marks once again. During the parties' communications, Huang committed to removing the infringing trademark ads. However, despite Huang's assurances, Insurify continued its infringement of the Confie Marks.

39.     On February 28, 2025, upon discovering further unauthorized use of the Confie Marks, this time the InsureOne trademark, Marder contacted Huang, informing him that this was one of Plaintiffs' brands. On March 4, 2025, Huang responded promising to investigate the issue.

40.     On April 6, 2025, after receiving a trademark infringement alert for the Confie Marks, Marder once again reached out to Huang to ask him to investigate an instance of infringement, now, of the Freeway trademark on Google and Bing. Huang responded stating that Insurify would take down the Freeway trademark.

41.     On July 16, 2025, Marder informed Huang that he was seeing daily use of the Oasis trademark. A few days later, on July 20, 2025, Marder informed Huang of another instance of unauthorized use of Confie's InsureOne trademark. On August 7, 2025, Marder followed up that Confie had seen a substantial uptick in trademark infringement by Insurify of the InsureOne, Estrella and Oasis trademarks on Google and Bing, as well as continued infringement of the Freeway trademark on Yahoo! ads. Marder informed Huang that, at the time, Confie had a month of infringement samples. On August 13, 2025, Huang finally responded to the correspondence asking if there were any particular impactful brand keyword usages. Marder replied that Confie could not have *any* of its trademarks infringed on and that it was aware of Insurify's recent unauthorized use of, at least, the following Confie trademarks: Acceptance, Estrella, Freeway, InsureOne, Velox and USAgencies on Google, Bing and Yahoo!. Marder further stated that

Confie believed there were other Confie trademarks being infringed upon, and he requested that Insurify stop all such activity.

42.    After Insurify continued to ignore the trademark infringement issue, Confie retained an attorney to send a formal letter, which was sent on September 30, 2025. In the letter, Confie demanded that, inter alia, Insurify cease and desist from using the Confie Marks. Insurify responded, on October 6, 2025, stating that Insurify's advertising group had thoroughly re-reviewed all paid search advertising to ensure that there was no mention of any of the Confie Marks.

43.    Despite Insurify's assurances, these infringing and unauthorized uses by Insurify continued. By way of non-limiting example, Plaintiffs identified the following infringing Insurify advertisements, all of which misleadingly direct consumers to Insurify's website:

Sponsored

insurify.com
https://www.insurify.com

**Insure One Insurance**

$25 Cheapest Car Insurance — Best Auto Insurance Offers. xx Days Until Labor Day. Get Avail. Auto Insurance. Shop Now.

Full Coverage Options

Auto Insurance

Your Policy, Your State

Cheapest Auto Insurance

Pet Insurance Plans

▾   View 4 prices from $24.99/mo



44.    Even worse, Plaintiffs recently discovered that Insurify is not only using the

Freeway trademark in its infringing advertising, but also using the Freeway trademark without

Plaintiffs' authorization or consent on Insurify's own website and URL in a manner that directly competes with Plaintiffs:



45.    That Insurify initially promised that it would cease the identified wrongful conduct only to breach that promise is proof of how profitable Insurify's wrongful conduct is and continues to be. Insurify evaluated the risk and determined that it was more valuable to continue to infringe the Confie Marks. This is a clear indication of just how willful Insurify's wrongful and infringing acts are and why there is a substantial need for significant monetary and injunctive relief to Plaintiffs for Insurify's conduct.

46.    Insurify has never been authorized by Plaintiffs to use the Confie Marks or any variations thereof and has never been granted consent or authority to assert or imply an association, affiliation or sponsorship of Insurify's services by Plaintiffs.

47.     Insurify, by its unauthorized use of the Confie Marks or confusingly similar marks in connection with competing and/or related services, has engaged in trademark infringement, false designation of origin and unfair competition.

48.     Insurify's activities have damaged and will continue to damage the reputation, business and goodwill of the Plaintiffs. Unless enjoined by the Court, Insurify will continue and further escalate its unlawful activities.

49.     Plaintiffs have no adequate remedy at law and Insurify's activities have caused and, if not enjoined, will continue to cause irreparable harm to Plaintiffs including their business reputation and goodwill.

## COUNT I

## Trademark Infringement, 15 U.S.C. § 1114

50.     Plaintiffs reallege and incorporate herein by this reference the allegations contained in all the prior paragraphs as though fully set forth herein.

51.     Plaintiffs own the Registered Marks, which are federally registered on the Principal Register of the United States Patent and Trademark Office. These registrations serve as *prima facie* evidence that the Registered Marks are entitled to protection. The Registered Marks are strong and distinctive, some are incontestable, and designate Plaintiffs as the source of all services advertised, marketed, sold or provided in connection with the Registered Marks.

52.     Insurify has infringed the Registered Marks by way of Insurify's unauthorized use in commerce of the Registered Mark and/or confusingly similar variations thereof, despite repeated demands by Confie to cease such use, in connection with its advertising, marketing, and provision of insurance services is likely to cause confusion, to cause mistake, or to deceive consumers.

53.     Insurify was aware of the Registered Marks prior to its unauthorized and infringing use of the Registered Marks or confusingly similar marks in connection with related and/or competing services, including without limitation, by virtue of the fact that Confie notified Insurify of its unauthorized and infringing use on multiple occasions—first, through the communications between Marder and Huang, and later, through the cease-and-desist letter. Thus, Insurify's unauthorized use of the Registered Marks was and is knowing, intentional and willful. Insurify's use constitute willful federal trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

54.     Due to Insurify's actions, Plaintiffs have suffered irreparable harm to their valuable trademarks and the goodwill associated therewith. Plaintiffs have been and, unless Insurify is preliminarily and permanently restrained from its actions, will continue to be irreparably harmed. Plaintiffs have no adequate remedy at law and therefore seek injunctive relief under 15 U.S.C. §1116.

55.     As a direct and proximate result of the foregoing acts, practices, and conduct of Insurify, Plaintiffs have been substantially injured in their business resulting in lost revenues, lost profits, loss of goodwill, diminished reputation and other damages. Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to recover damages they have sustained and will sustain as a direct result of Insurify's wrongful conduct, and the gains, profits and advantages that Insurify has obtained as a result of its wrongful conduct. At present, Plaintiffs are unable to ascertain the full extent of their damages, or the gains, profits and advantages that Insurify has obtained by reason of its wrongful conduct described herein.

56.     As Insurify's acts were willful, Plaintiffs are also entitled to treble damages against Insurify pursuant to 15 U.S.C. § 1117(a).

57.     Insurify's willful acts make this an exceptional case under 15 U.S.C. § 1117(a), and thus, Plaintiffs are entitled to an award of attorneys' fees and costs.

## COUNT II

### False Designation of Origin and Unfair Competition 15 U.S.C. §1125(a)

58.     Plaintiffs reallege and incorporate herein by this reference the allegations contained in all the prior paragraphs as though fully set forth herein.

59.     Upon information and belief, Insurify was aware of the Confie Marks prior to using the Confie Marks for its related and/or competing services. Thus, Insurify's unauthorized use of the Confie Marks was and is knowing, intentional, and willful.

60.     Through its use of the Confie Marks or confusingly similar marks, Insurify intended to, and did in fact, confuse and mislead consumers into believing, and misrepresented and created the false impression that Plaintiffs somehow authorized, sponsored, approved, licensed or participated in Insurify's use of the Confie Marks or confusingly similar marks.

61.     In fact, there is no formal connection or association between Plaintiffs and Insurify, nor have Plaintiffs authorized, licensed or given permission to Insurify to use the Confie Marks in any manner.

62.     Insurify's use of the Confie Marks or confusingly similar marks will likely cause confusion as to the origin and authenticity of Insurify's services and will likely cause others to believe that there is a relationship between Plaintiffs and Insurify.

63.     As a direct and proximate result of Insurify's wrongful conduct, Plaintiffs have been and will continue to be damaged.

64.     Insurify's actions thus constitute unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a).

65.     Due to Insurify's actions, Plaintiffs have suffered irreparable harm to their valuable Confie Marks, and the goodwill associated therewith. Plaintiffs have been and, unless Insurify is preliminarily and permanently restrained from its actions, will continue to be irreparably harmed. Plaintiffs have no adequate remedy at law and therefore seeks injunctive relief under 15 U.S.C. §1116.

66.     As a direct and proximate result of the foregoing acts, practices, and conduct of Insurify, Plaintiffs have been substantially injured in their business resulting in lost revenues, lost profits, loss of goodwill, diminished reputation and other damages. Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to recover damages they have sustained and will sustain as a direct result of Insurify's wrongful conduct, and the gains, profits and advantages that Insurify has obtained as a result of its wrongful conduct. At present, Plaintiffs are unable to ascertain the full extent of their damages, or the gains, profits and advantages that Insurify has obtained by reason of its wrongful conduct described herein.

67.     As Insurify's acts were willful, Plaintiffs are also entitled to treble damages against Insurify pursuant to 15 U.S.C. § 1117(a).

68.     Insurify's willful acts make this an exceptional case under 15 U.S.C. § 1117(a), and thus, Plaintiffs are entitled to an award of attorneys' fees and costs.

## COUNT III

## Trademark Infringement and Unfair Competition under Massachusetts Common Law

69.     Plaintiffs reallege and incorporate herein by this reference the allegations contained in all the prior paragraphs as though fully set forth herein.

70.     Plaintiffs are the senior users of the Confie Marks and have extensive use of the same not only in Massachusetts, but nationwide.

71.     Insurify's unauthorized use in commerce of the Confie Marks and/or confusingly similar variations thereof, despite repeated demands by Confie to cease such use, in connection with its advertising, marketing, and provision of insurance services is likely to cause confusion, to cause mistake, or to deceive consumers. Such unauthorized use constitutes infringement and unfair competition under the common law of the Commonwealth of Massachusetts.

72.     Insurify was aware of the Confie Marks prior to its unauthorized and infringing use of the Confie Marks or confusingly similar marks in connection with related and/or competing services, including without limitation, by virtue of the fact that Confie notified Insurify of its unauthorized and infringing use on multiple occasions—first, through the communications between Marder and Huang, and later, through the cease-and-desist letter. Thus, Insurify's unauthorized use of the Confie Marks was and is knowing, intentional and willful. Insurify's use constitute willful trademark infringement in violation of Massachusetts common law.

73.     Due to Insurify's actions, Plaintiffs have suffered irreparable harm to their valuable trademarks and the goodwill associated therewith. Plaintiffs have been and, unless Insurify is preliminarily and permanently restrained from its actions, will continue to be irreparably harmed. Plaintiffs have no adequate remedy at law.

## COUNT IV

## Massachusetts Unfair and Deceptive Trade Practices (Mass. Gen. L. Ch. 93A §§ 2, 11)

74.     Plaintiffs reallege and incorporate herein by this reference the allegations contained in all the prior paragraphs as though fully set forth herein.

75.     Plaintiffs and Insurify are engaged in the conduct of trade or commerce within the meaning of Mass. Gen. L. Ch. 93A.

76.    Insurify has committed unfair trade practices, including trademark infringement under common law and the Lanham Act. That is, Insurify's unauthorized use in commerce of the Confie Marks and/or confusingly similar variations thereof, despite repeated demands by Confie to cease such use, in connection with its advertising, marketing, and provision of insurance services is likely to cause confusion, to cause mistake, or to deceive consumers. Insurify's conduct constitutes unfair and deceptive acts or practices in the course of business, trade, or commerce occurring primarily and substantially in the Commonwealth of Massachusetts in violation of Mass. Gen. Laws c. 93A §2, 11.

77.    Insurify's acts of unfair competition are willful and are causing Plaintiffs to suffer irreparable harm, for which they have no adequate remedy at law. Unless and until Insurify is enjoined, Insurify will continue to compete unfairly against and cause irreparable harm to Plaintiffs.

78.    As a direct and proximate result of the foregoing deceptive acts and practices of Insurify, Plaintiffs are entitled to damages, treble damages, and recovery of their attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

A.    That Insurify be held liable for federal trademark infringement, and unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. §§ 1114, and 1125(a); trademark infringement under Massachusetts common law; and unfair competition in violation of and Deceptive Trade Practices (Mass. Gen. L. Ch. 93A §§ 2, 11).

B.    For preliminary and permanent injunctions enjoining Insurify, its agents, employees, representatives, partners, joint ventures, affiliates and/or anyone acting on behalf of, or in concert with Insurify from:

(1)     advertising, marketing or selling any products under the Confie Marks, or any colorable imitation(s) of the Confie Marks in connection with insurance or related services;

(2)     using in commerce or facilitating the use in commerce of the Confie Marks, or any other phrase, term, mark, trade name, logo or design that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, Plaintiffs' customers or prospective customers, or members of the public to believe that services advertised, marketed, sold and/or offered for sale by Insurify originate from Plaintiffs, or that such services have been sponsored, approved, or licensed by or associated with Plaintiffs, or are in some way connected to or affiliated with Plaintiffs;

(3)     doing or allowing any act or thing which is likely to injure Confie's business reputation or goodwill;

(4)     engaging in any acts of federal, state or common law trademark infringement, false designation of origin, or unfair competition that would damage or injure Plaintiffs; and

(5)     participating or assisting in any of the above activities.

C.     That Insurify, pursuant to 15 U.S.C. § 1116(a), be required to file with the Court and to serve on Plaintiffs within thirty (30) days after service of an injunction order as requested herein, a report in writing under oath setting forth in detail the manner and form in which they have complied with the Court's order.

D.     That an accounting be ordered of all of the profits realized by Insurify from its unauthorized use of the Confie Marks.

E.     That Insurify be required to account for and pay Plaintiffs all gains, profits, and advantages derived from its acts of infringement and other unlawful conduct, as alleged herein.

F.     That all gains, profits and advantages derived by Insurify from its acts of infringement and other unlawful conduct alleged herein be deemed to be in constructive trust for the benefit of Plaintiffs.

G.     That judgment be entered against Insurify for Plaintiffs' actual damages as a result of Insurify's acts of infringement and other unlawful conduct alleged herein, and for any additional profits attributable to Insurify's wrongful conduct, according to proof.

H.     That Insurify's unlawful conduct as alleged herein be deemed a willful violation of Plaintiffs' intellectual property rights.

I.     That the Court declare this an exceptional case in light of Insurify's willful conduct.

J.     That Plaintiffs' actual damages be trebled.

K.     That Plaintiffs recover their reasonable attorneys' fees.

L.     That Plaintiffs recover the costs of this suit.

M.     That Plaintiffs be granted pre-judgment and post-judgment interest on the damages caused by Insurify.

N.     That Plaintiffs be granted such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury in this matter.

Dated: November 21, 2025

/s/ James E. Kruzer
David S. Godkin (BBO#196530)
James E. Kruzer (BBO#670827)
Birnbaum & Godkin, LLP
1 Marina Park Drive, Suite 1410
Boston, MA 02210
Tel: (617) 307-6100
godkin@birnbaumgodkin.com
kruzer@birnbaumgodkin.com

*Jesse A. Salen
jsalen@sheppardmullin.com
*Ximena Solano Suarez
xsolanosuarez@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
858.720.8900

*pro hac vice anticipated

Attorneys for Plaintiffs